895 F.2d 1468
 283 U.S.App.D.C. 46
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
KENTUCKY WEST VIRGINIA GAS COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Columbia Gas Transmission Corporation, Intervenor.
 No. 88-1769.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 29, 1989.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS, and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 Kentucky West petitions to review an order of the Federal Energy Regulatory Commission retroactively eliminating a minimum bill provision from the petitioner's rate filing under Sec. 4 of the Natural Gas Act.
 
 
 2
 The petitioner has failed to show that the Commission acted arbitrarily or capriciously in eliminating the minimum bill from its proposed rate. The petitioner is not entitled to a minimum bill as a means of guaranteeing recovery of its gathering costs, see Opinion 260-A, Transcontinental Pipe Line Corp., 40 F.E.R.C. p 61,188 (1987), (presumption that a minimum bill is anticompetitive). It has shown neither that it has incurred any take or pay liability nor that the minimum bill is the only reasonable means of avoiding exposure to such liability. Moreover, since the petitioner is now an open-access transporter under Order No. 436, its claim that a loss of business from partial requirements customers, resulting from elimination of the minimum bill, will lead to a shifting of fixed costs to full requirements customers, is speculative.
 
 
 3
 Because the minimum bill accompanied the petitioner's proposal to switch from the Atlantic Seaboard ratemaking methodology to the modified fixed variable methodology, however, the Commission's interim order requiring the petitioner to collect its rates under the MFV methodology without benefit of the minimum bill amounted to the imposition of a new rate for that interim period.
 
 
 4
 Upon review of the parties' presentations at oral argument and in their briefs, we are unable to discern the path of reasoning by which the Commission concluded that it is authorized to impose such a rate in a Sec. 4 proceeding without having made the requisite findings under Sec. 5 of the NGA. In particular, neither the Commission's order nor its arguments on appeal reveal whether, as the intervenor Columbia suggests, it invokes Sec. 16 of the NGA as authority for imposing a new rate in the interim before completion of the Sec. 5 proceeding. See FPC v. Tennessee Gas Transmission Co, 371 U.S. 145 (1962). We therefore remand this case to the Commission for further explanation of the authority under which it has proceeded in requiring Kentucky West to collect its rates under the MFV methodology in the interim before a lawful new rate is imposed.
 
 
 5
 At the respondent's request, in the wake of East Tennessee Natural Gas Co. v. FERC, 863 F.2d 932 (D.C.Cir.1988), we also remand to the Commission the question of the date as of which its decision eliminating the minimum bill from Kentucky West's rate schedule is to be effective. It is therefore
 
 
 6
 ORDERED and ADJUDGED that the case be remanded to the Federal Energy Regulatory Commission for further proceedings consistent with this order.